

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| OREN BRAY and GREAT AMERICAN ALLIANCE INSURANCE COMPANY as subrogee of Oren Bray,<br>　　　　Plaintiffs,<br><br>vs.<br><br>AUTOMATAN, LLC, AUTOMATAN HOLDINGS, LLC, and AUTOMATAN, INC.,<br>　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§　CIVIL ACTION NO. 7:15-2314-MGL<br>§<br>§<br>§<br>§<br>§<br>§ |

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFFS' MOTION TO REMAND**

**I.     INTRODUCTION**

This case was filed as a products liability action. In the Complaint, Plaintiff Oren Bray (Plaintiff Bray) and Plaintiff Great American Alliance Insurance Company (Plaintiff GAA) bring claims of negligence, strict liability, and breach of warranty against Defendants Automatan, LLC, Automatan Holdings, LLC, and Automatan, Inc. (collectively, Defendants Automatan). The Court has jurisdiction over the matter under 28 U.S.C. § 1446 and 28 U.S.C. § 1332.

Pending before the Court is Plaintiffs' Motion to Remand. Having carefully considered the motion, the response, the reply, the record, and the relevant law, it is the judgment of this Court that Plaintiffs' Motion to Remand will be denied.

## II.   FACTUAL AND PROCEDURAL HISTORY

The underlying facts are not in dispute. On May 4, 2012, Plaintiff Bray, an employee of Concept Packaging, was cleaning a machine manufactured by Defendants Automatan when his hand was pulled into the machine, causing serious injuries to his hand, arm, and other parts of his body. ECF No. 1-1 at 5, Amended Complaint ¶¶ 5-9. Concept Packaging had its workers' compensation insurance with Plaintiff GAA, which paid $48,549.29 to Plaintiff Bray for medical bills, as well as indemnity and lost wages. *Id.* at 5-6, Amended Complaint ¶¶ 12-14.

Plaintiffs filed their Complaint, and then an Amended Complaint in the Spartanburg County Court of Common Pleas. After Defendants Automatan removed the case to this Court, Plaintiffs filed a Motion to Remand, Defendants Automatan filed their response, and Plaintiffs filed their reply. Consequently, Plaintiffs' Motion to Remand is now ripe for review.

## III.   STANDARD OF REVIEW

"A civil action in any State court arising under the workmen[s'] compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445. Therefore, if the Court held that this action arises under the workers' compensation laws of South Carolina, then it would be required to grant Plaintiffs' Motion to Remand. *See id*.

A party seeking removal bears the burden of establishing the existence of federal jurisdiction. *Mulachey v. Columbia Organic Chems. Co*., 29 F.3d 148, 151 (4th Cir. 1994). Because removal jurisdiction raises significant federalism concerns, a district court must strictly construe removal jurisdiction. *Id*. (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)). If federal jurisdiction is in doubt, remand to state court is necessary. *Mulachey*, 29 F.3d at 151.

## IV. CONTENTIONS OF THE PARTIES

The Court summarizes Plaintiffs' arguments in the same manner that they did in their memorandum in support of their Motion to Remand:

> **ISSUE 1**: Is [Plaintiff GAA,] as subrogee of [Plaintiff] Bray[,] a proper party plaintiff under the laws of South Carolina, specifically, S.C. Code [Ann.] § 42-1-560 [(concerning the rights and remedies against a third party under the workers' compensation laws of South Carolina)]?
> SUGGESTED ANSWER: **YES**
>
> **ISSUE 2**: Does [Plaintiff GAA's] subrogation claim for reimbursement of its workers' compensation lien arise under the workmen[s'] compensation laws of South Carolina for purposes of 28 U.S.C. § 1445(c) [("A civil action in any State court arising under the workmen[s'] compensation laws of such State may not be removed to any district court of the United States.")]?
> SUGGESTED ANSWER: **YES**

ECF No. 6 at 4-5.

Defendants Automatan, of course, maintain that the correct answer to each of these questions is "No."

## V. DISCUSSION AND ANALYSIS

Because Plaintiffs' two issues are inextricably tied together, the Court will address both of their contentions simultaneously. In Issue 1, Plaintiffs ask if Plaintiff GAA, as subrogee of Plaintiff Bray, is a proper party plaintiff under the workers' compensation laws of South Carolina, specifically S.C. Code Ann. § 42-1-560 (concerning the rights and remedies against a third party under the

3

workers' compensation laws of South Carolina). And, in Issue 2, Plaintiffs inquire as to whether Plaintiff GAA's subrogation claim for reimbursement of its workers' compensation lien arises under the workmens' compensation laws of South Carolina for purposes of 28 U.S.C. § 1445(c) ("A civil action in any State court arising under the workmen[s'] compensation laws of such State may not be removed to any district court of the United States."). The Court's response to each of these questions is an unequivocal "No."

The Court will commence with a brief survey of the rights and remedies available to an injured employee against an alleged third-party tortfeasor under the workers' compensation laws of South Carolina. In an action against an alleged tortfeasor, the injured worker has "one year after the carrier accepts liability for the payment of compensation or makes payment pursuant to an award" to bring suit. S.C. Code Ann. § 42-1-560(b). "In such case the carrier shall have a lien on the proceeds of any recovery from the third party." *Id*. "Notice of the commencement of the action shall be given within thirty days thereafter to the Workers' Compensation Commission, the employer and carrier upon a form prescribed by the Workers' Compensation Commission." *Id*.

"If, prior to the expiration of the one-year period referred to in subsection (b), or within thirty days prior to the expiration of the time in which such action may be brought, the injured employee . . . [has not] commenced [an] action against or settled with the third party, the right of action of the injured employee . . . shall pass by assignment to the carrier; provided, that the assignment shall not occur less than twenty days after the carrier has notified the injured employee." *Id*. § 42-1-560(c). However, the carrier's "[f]ailure to give [proper] notice, or to commence the action at least thirty days prior to the expiration of the [statute of limitations for the alleged tort] shall operate as a

reassignment of the right of action to the injured employee . . . and the rights and obligations of the parties shall be as provided by subsection (b)." *Id*.

Here, Plaintiffs filed their Complaint on the last day before the statute of limitations ran on the torts and breach of warranty claims. Thus, the only law from above that applies is that portion that instructs us that the carrier's "[f]ailure to give [proper] notice, or to commence the action at least thirty days prior to the expiration of the [statute of limitations for the alleged tort] shall operate as a reassignment of the right of action to the injured employee . . . and the rights and obligations of the parties shall be as provided by subsection (b) of this section." *Id*. With that statutory law in mind, the Court will now turn to our court of appeals for further guidance.

The Fourth Circuit case, *Arthur v. E.I. Dupont de Nemours & Co.*, 58 F.3d 121 (4th Cir. 1995), although not directly on point, is most instructive. In *Arthur,* a former employee, along with her husband and son, sued her former employer in West Virginia state court under the deliberate intent exception to the West Virginia's Workers' Compensation Act. *Id.* at 123. The defendant removed the case to federal court after which the plaintiffs filed a motion to remand. *Id*. The district court denied the plaintiffs' motion. *Id*.

In affirming the district court's decision, the Fourth Circuit opined that its "first job . . . [was] to ascertain what Congress meant by the term 'workmen[s'] compensation laws.' Because the statute contains no definition, [the court] must look to the ordinary meaning of the term in 1958, the year Congress passed section 1445(c)." *Arthur*, 58 F.3d at 125. In doing so, the court concluded "that the ordinary (shorthand) meaning of 'workmen[s'] compensation laws' in 1958 was this: a statutorily created insurance system that allows employees to receive fixed benefits, without regard to fault, for work-related injuries." *Id*.

The Fourth Circuit went on to note that, just because the plaintiffs' claim "is written into the West Virginia Workers' Compensation Act. . . . does not end our inquiry because [the court is] not bound by where the section appears in the West Virginia Code. Rather, [the court] must determine whether [the plaintiffs' claim] is a 'workmen[s'] compensation law[ ]'as contemplated by 28 U.S.C. § 1445(c)." *Id*. at 127.

The court noted that the plaintiffs' claim "does not prescribe any part of a workers' compensation claim as such claims were understood in 1958." *Id*. "It does not change the fundamental character of the claim, which is still preserved within West Virginia's common law tort system." *Id*. And, the plaintiffs' claim " is not integrally related to the operation of West Virginia's workers' compensation system. It does not protect or enhance the ability of workers to obtain compensation benefits, i.e., fixed benefits without regard to fault for workplace injuries." *Id*.

Applying this law to the facts of this case, the Court holds that Plaintiffs misapprehend *Arthur* to the extent that they argue that, because Plaintiff GAA's subrogation rights are set forth in a portion of the South Carolina Workers' Compensation Law, specifically S.C. Code Ann. § 42-1-560, its subrogation claim arises under South Carolina Workers' Compensation Law. *Arthur* elucidates that, just because a plaintiff's claim is written into a state's Workers' Compensation Laws "does not end [the court's] inquiry because [the court is] not bound by where the section appears in the . . . Code." *Id*. Nor does Plaintiff GAA's subrogation claim "prescribe any part of a workers' compensation claim as such claims were understood in 1958." *Id.* "[Plaintiff GAA's subrogation claim also] does not change the fundamental character of the claim, which is still preserved within [South Carolina's] common law tort [and breach of warranty] system[s]." *Id*. And, Plaintiff GAA's subrogation claim "is not integrally related to the operation of [South Carolina workers' compensation system]. It does not protect or enhance the ability of workers to obtain compensation benefits, i.e., fixed benefits without regard to fault for workplace injuries." *Id*.

6

Plaintiffs state that Defendants Automatan, "by challenging GAA's standing in this action, raise a novel question of South Carolina law on which no court has yet ruled, to wit, whether the subrogated carrier may join with the injured worker as a party plaintiff in a third party action in the first instance without resort to subsequent intervention." Then allow this Court to be the first court to answer the question: the answer is a resounding "No." Given the plain meaning of the statute, and the Court's interpretation of *Arthur*, the Court is fully confident that, given the facts of this case, the South Carolina Supreme Court would answer the question in the same manner. *See Roe v. Doe*, 28 F.3d 404, 407 (4th Cir. 1994) ("[W]here there is no case law from the forum state which is directly on point, the district court [must] attempt[] to do as the state court would do if confronted with the same fact pattern.").

This is a diversity action with claims of negligence, strict liability, and breach of warranty. It is nothing more and nothing less. Absent in Plaintiffs' Complaint is anything that raises a substantial question of South Carolina's Workers' Compensation Law. The claims are unrelated to Plaintiff Bray's workers' compensation action, except that his injuries allegedly caused by Defendants Automatan's machine occurred at his place of employment. Whether Defendants Automatan are liable for Plaintiff Bray's injuries requires no interpretation of South Carolina's Workers' Compensation Laws. Or put another way, Plaintiff Bray's claims can be adjudicated without any reference whatsoever to S.C. Code Ann. § 42-1-560.

Yes, of course Plaintiff GAA is a subrogee and, yes, Plaintiff GAA has a subrogation interest in this lawsuit and is entitled to reimbursement of the monies that it paid on Plaintiff Bray's workers' compensation claim if Plaintiff Bray prevails against Defendants Automatan in this lawsuit. *See* S.C. Code Ann. § 42-1-560(b) ("[T]he carrier shall have a lien on the proceeds of any recovery from the third party whether by judgment, settlement or otherwise."); *see also* S.C. Code Ann. § 42-1-560(f) (explaining some of a carrier's rights and responsibilities in regards to its lien ). But, just because

7

Plaintiff GAA's lien and subrogation claim touch on South Carolina Workers' Compensation Law does not mean that its claim arises under that law for purposes of 28 U.S.C. § 1445(c).

## VI.  CONCLUSION

Consequently, based on the foregoing discussion and analysis, Plaintiffs' Motion to Remand is **DENIED**.

**IT IS SO ORDERED**.

Signed this 4th day of March, 2016, in Columbia, South Carolina.

<u>s/ Mary Geiger Lewis</u>
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE